UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11146

**PABLO'S GARAGE, LLC,**

**Plaintiff,**

v.

**ADH COLLISION OF BOSTON INC.,**

**Defendant.**

### PLAINTIFF'S COMPLAINT

1. This is an action commenced by Plaintiff, the owner of various vehicles, against Defendant, who operates a repair shop, for replevin, conversion, a declaratory judgment, violation of G.L. c. 93A, § 11, and injunctive relief.

### PARTIES

2. Plaintiff Pablo's Garage, LLC is a New Jersey limited liability company. All of the members of Plaintiff are either residents of New York or New Jersey.

3. Defendant ADH Collision of Boston, Inc. is a Massachusetts corporation with its principal place of business at 36 Mystic Street, Everett, Massachusetts, 02149.

### Jurisdiction

4. The facts and claims alleged in this action involve an amount in controversy that exceeds $75,000.00 exclusive of attorney's fees, costs, and interest.

5. In addition, complete diversity exists between the parties.

6. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### Facts

7. Plaintiff owns a fleet of vehicle located in Massachusetts.

8. From time to time the Plaintiffs' vehicles need various repairs.

9. Defendant operates a collision repair business and is engaged in trade and/or commerce within Massachusetts.

10. In or around, April of 2021, Plaintiff delivered several vehicles to Defendant seeking repairs.

11. Defendant advised on a list of repairs needed for the vehicles.

12. Plaintiff continued to deliver additional vehicles to Defendant for repair work.

13. Due to issues processing insurance claims and due to Defendant having supply and other issues, many of the vehicles have yet to be repaired but remain in the possession, custody, and /or control of the Defendant.

14. Nevertheless, Defendant never advised that there would be a storage fee for the vehicles while they were awaiting repair.

15. Plaintiff did not agree to pay a storage fee for the vehicles while they are awaiting repair.

16. As most of the vehicles are still not repaired, Plaintiff has demanded a return of its vehicles.

17. Plaintiff fully paid for the repair work that Defendant has done on those vehicles that have actually been repaired and has demanded an immediate return of those vehicles.

18. However, Defendant, without justification, is demanding Plaintiff pay approximately $250,000 in storage costs to have any of Plaintiff's vehicles returned.

19. Defendant sent Plaintiff a demand pursuant to M.G.L. c. 255 § 26 dated July 6, 2022. See Exhibit A. That demanded advised that if Plaintiff did not pay the amounts

demanded within 10 days for storage of Plaintiff's vehicles, Defendant would seek an order to have Plaintiff's vehicles sold to satisfy the amounts claimed as storage charges.

20. Defendant had no legal basis to demand payment pursuant to M.G.L. c. 255 § 26 because Plaintiff did not agree to the alleged storage charges.

21. Defendant knows that Plaintiff did not agree to the storage charges.

22. Defendant has engaged in, and is engaging in, unfair and deceptive acts and practices by demanding payment for storage charges that Plaintiff did not agree to pay.

23. Plaintiff's fleet of vehicles is rented through various services. Thus, Plaintiff's loss of use of its vehicles has a real and present negative effect on its business.

24. Defendant knows that Plaintiff's loss of use of its vehicles has a significant negative monetary impact on Plaintiff.

25. Thus, Defendant is using the threat of an illegal garage lien in an effort to pressure Plaintiff to pay the claimed storage charges, knowing that Plaintiff's business will suffer significantly if it does not have access to its vehicles.

26. The Defendant's refusal to return the Plaintiff's vehicles has caused damage to and continues to cause damage to the Plaintiff.

27. The Defendant's unlawful demand for payment of storage charges is an unfair and deceptive act committed knowingly and willfully.

FIRST CAUSE OF ACTION
*Replevin*

28. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

29. The Defendant has wrongfully and unlawfully withheld property belonging to the Plaintiff valued at more than twenty dollars ($20). The property has a value of at least $400,000.

30. The Plaintiff is entitled to recovery of its property from the Defendant.

31. The Plaintiff has suffered irreparable harm due to the loss of use of its vehicles continues to suffer irreparable harm while the wrongfully withheld property is in possession of the Defendant.

32. Plaintiff seeks an injunction and order directing Defendant to return Plaintiff's vehicles to Plaintiff.

33. In the alternative, Plaintiff seeks a judgment in an amount to be determined at trial but no less than $400,000 plus costs, interest, and attorney's fees.

## SECOND CAUSE OF ACTION
*Conversion*

34. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

35. Plaintiff is the owner of certain vehicles described herein.

36. Plaintiff delivered those vehicles to defendant to perform repairs.

37. Plaintiff fully paid for all repair work that Defendant performed on the vehicles.

38. Although Defendant had lawful possession of the vehicles, that was solely for the purpose of performing repairs and Defendant is required to return the vehicles to Plaintiff on demand.

39. Plaintiff demanded Defendant return all of its vehicles and Defendant refused.

40. As the lawful owner of the vehicles, Plaintiff has an immediate possessory right to the vehicles.

41.     Defendant is wrongfully exercising dominion and control over the vehicles owned by Plaintiff.

42.     Wherefore, Plaintiff demands judgment in its favor, for an amount to be determined at trial no less than $400,000 plus costs, interest, and attorney's fees.

## THIRD CAUSE OF ACTION
*Violation of Mass. G.L. c. 93A, §2, § 11*

43.     Plaintiff repeats and realleges each allegation contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

44.     The Plaintiff is engaged in trade or commerce.

45.     The Defendant is engaged in trade and/or commerce within Massachusetts.

46.     The Defendant engaged in unfair or deceptive acts or practices by agreeing to perform repairs to the Plaintiff's vehicles but failing to inform Plaintiff that a storage charge was applicable prior to repair of the vehicles.

47.     The Defendant engaged in unfair or deceptive acts or practices by agreeing to perform repairs to the Plaintiff's vehicles but demanding payment for storage when such storage was necessitated as a result of Defendant's failure to perform the repairs in a timely manner.

48.     The Defendant's conduct constitutes unfair or deceptive acts or practices that occurred primarily and/or substantially within Massachusetts.

49.     In addition, the Defendant violated the rules and regulations as promulgated by the Massachusetts Attorney General applicable to repair shops, 940 C.M.R. 5.05, including, but not limited to:

    a. Failing to receive written authorization before performing repairs in violation of 940 C.M.R. 5.05(3);

      b. Failing to inform Plaintiff, before repairs were to be done, of conditions under which the repair shop may impose storage charges and the amount of those charges in violation of 940 C.M.R. 5.05(4); and

      c. Failing to repair a vehicle in a timely manner as required by 940 C.M.R. 5.05(6).

50. Plaintiff has lost use of its vehicles which has caused and continues to cause Plaintiff monetary damages every day.

51. Plaintiff has lost possession of its vehicles which has caused and continues to cause Plaintiff monetary damages every day.

52. The actions or practices of the Defendant caused injury and damage to the Plaintiff and said actions or practices were performed knowingly, and in violation of G.L. c. 93A § 2 which entitles the Plaintiff to double or treble damages, and its reasonable attorneys' fees.

53. The actions or practices of the Defendant caused injury and damage to the Plaintiff and said actions or practices were performed willfully, and in violation of G.L. c. 93A § 2, which entitles the Plaintiff to double or treble damages, and its reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION
*Declaratory Judgment*

54. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs of the Complaint, as though fully set forth herein.

55. Defendant demanded that Plaintiff pay for storage costs for certain vehicles.

56. Defendant sent Plaintiff a demand pursuant to M.G.L. c. 255, §26, dated July 6, 2022, and advised that if Plaintiff did not pay the amounts demanded within 10 days for

storage of Plaintiff's vehicles, Defendant would seek an order to have Plaintiff's vehicles sold to satisfy the amounts claimed.

57.	Plaintiff never agreed to pay Defendant for the storage costs alleged to be owed.

58.	In fact, Defendant, in violation of 940 C.M.R. 5.05(4), failed to inform Plaintiff, before repairs were to be done, of conditions under which the repair shop may impose storage charges and the amount of those charges.

59.	Thus, Defendant has no legal right to any storage amounts claimed to be due and owing.

60.	Plaintiff seeks an order declaring that Defendant has no legal right to any storage charges claimed to be due and owing.

## RELIEF

Wherefore, the Plaintiff demand the following relief:

    a. An injunction ordering Defendant to return Plaintiff's vehicles to Plaintiff;

    b. A judgment for an mount to be determined at trial but no less than $400,000.00;

    c. An award for treble damages, plus a reasonable amount for attorney's fees, pursuant to *G.L. c. 93A, § 11*;

    d. A declaration that Defendant has no legal right to any storage charges claimed to be due and owing; and

    e. For such further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON EACH COUNT SO TRIABLE.

Dated: July 15, 2022

PLAINTIFF PABLO'S GARAGE, LLC

<u>/s/  Alexander Cloherty</u>
Alexander Cloherty
B.B.O. No. 638074
29 Crafts Street, Suite 500
Newton, MA 02458
T:  617-332-1759
F:  617-332-1095
M:  617-248-0862
E:  alex@clohertylaw.com